## DANE v. DANE, *Ex'r.*

A bond with one sufficient surety is a compliance with the statute requiring that the appellant from a decree of the judge of probate "shall give bond with sufficient sureties to prosecute his appeal."

PROBATE APPEAL. The defendant moved to dismiss, because the bond given on the appeal had but one surety.

*Henry B. Atherton*, for the plaintiff.

*George B. French*, for the defendant.

WALLACE, J. The statute requires that a person appealing from a decree of a judge of probate "shall give bond with sufficient sureties to prosecute his appeal with effect, and to pay all such costs as shall be awarded against him by the supreme court." P. S., c. 200, s. 3. The Provincial Statutes of 1718 required a person appealing from a decree of a judge of probate to give "bond in a reasonable sum with sufficient security to prosecute his appeal with effect;" and the word "security" was continued in the statutes till 1789. Prov. Laws (ed. 1716) 101, 103; Prov. Laws (ed. 1761) 20, 22. The act of February 3, 1797, required a "bond in a reasonable sum with sufficient sureties to prosecute said appeal with effect;" and the words "with sufficient sureties" were used in the statute in this connection until the general statute of probate appeals, approved July 2, 1822. Laws 1822, c. 33, s. 1; Laws (ed. 1789) 76; Laws (ed. 1792) 215; Laws (ed. 1805) 166; Laws (ed. 1815) 202. This act required a bond "with sufficient surety," and this language continued to be used until 1867, when the General Statutes went into effect. Laws (ed. 1830) 373; R. S., c. 170, s. 3; C. S., c. 180, s. 3. In the General Statutes the words "with sufficient surety" were changed to "with sufficient sureties," which have remained in the statutes ever since. The report of the commissioners who compiled the General Statutes shows that this change was regarded by them as a merely verbal one. G. S., c. 188, s. 3; Com'r's Rep. of 1867, c. 189, s. 3; G. L., c. 207, s. 3; P. S., c. 200, s. 3.

These changes are verbal, made at the different revisions of the statute laws, and do not indicate any intention on the part of the legislature to alter the meaning. The purpose of the statute is to compel the appellant to furnish sufficient security for the payment of such costs as may be awarded against him. This purpose may as well be accomplished by a bond with one surety who is sufficient, as with more. And in the light of the rule provided in our statutes for their construction (P. S., c. 2, s. 3), that "words importing the singular number may extend and be applied to several persons or things; words importing the plural number may include the singular," and in view of the history of the legislation on this subject, it is plain that furnishing a bond with one sufficient surety is a compliance with the statute. *Farnam* v. *Davis*, 32 N. H. 302, 308. If the bond is insufficient, the court will at any time, upon application, order the appellant to furnish additional security. *Holt* v. *Rice*, 51 N. H. 370.

It need not now be considered whether consistently with this result the decision in *Gilman* v. *Bartlett*, 20 N. H. 168, can be sustained.

*Motion denied.*

SMITH, J., dissented: the others concurred.